IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| V. | CASE NO. 3:16-CR-130-N |
| MARIA GALLEGOS SALAS (7) A.K.A. MARIA GALLEGOS SANCHEZ | |

## PLEA AGREEMENT

The defendant, MARIA GALLEGOS SALAS A.K.A. MARIA GALLEGOS SANCHEZ, hereafter referred to as, the defendant, the defendant's attorney, ROSE ROMERO, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: The defendant understands that she has the rights:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have her guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in her defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offense alleged in Count One of the Superseding Information charging a violation of Conspiracy to Possess with Intent to Distribute and to Distribute a controlled substance, said substance being 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(viii). The Defendant understands the nature and elements of

Plea Agreement Page 1

the crime to which she is pleading guilty, and agrees that the factual resume she signed is true and will be submitted as evidence.

3. **Sentence:** The minimum and maximum penalties the Court can impose include:

    a.    a term of imprisonment of not more than not less than 5 years and not more than 40 years;

    b.    a fine not to exceed $5,000,000;

    c.    a term of supervised release of not less than four years and up to life, which will follow any term of imprisonment. If the defendant violates the conditions of supervised release, she could be imprisoned for the entire term of supervised release;

    d.    a mandatory special assessment of $100;

    e.    restitution to victims or to the community, which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

    f.    costs of incarceration and supervision; and,

    g.    forfeiture of property.

    h.    In addition, upon conviction of an offense involving distribution of a controlled substance, the defendant is, in the discretion of the Court, subject to denial of any or all "federal benefits" as defined in 21 U.S.C. § 862(d), for a period of up to five years.

4. **Court's sentencing discretion and role of the Guidelines:** The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant reviewed the guidelines with her attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw her plea if her

Plea Agreement Page 2

sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Sentencing Factors:** In determining the defendant's sentence, the parties agree that the following sentencing factors of the USSG shall be consulted and taken into account by the Court for sentencing purposes pursuant to 18 U.S.C. § 3553:

a.  The United States will not oppose the award of a two-level downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a). The defendant realizes that this adjustment ultimately remains in the Court's discretion. If the Court grants this two-level adjustment, the government will move, at the time of sentencing, for the award of an additional level of downward adjustment for timely acceptance of responsibility under USSG § 3E1.1(b).

6. **Mandatory special assessment:** The Defendant agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

7. **Defendant's agreement:** The defendant shall give complete and truthful information and/or testimony concerning her participation in the offense of conviction. Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on her in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The

defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the United States Attorney's Office from pursuing any other means by which to satisfy the full and immediately enforceable financial obligation. The defendant understands that she has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

8. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the pending indictment. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

9. **Violation of agreement**: The defendant understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any

reason other than a finding that it was involuntary, the defendant also waives objection to the use against her of any information or statements she provided to the government, and any resulting leads.

10. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from her conviction and sentence. She further waives her right to contest her conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of her plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12. **Immigration Consequences**: The defendant recognizes that pleading guilty may have consequences with respect to her immigration status **if she is not a citizen** of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Indeed, because the defendant is **pleading guilty to conspiracy to possess with intent to distribute and to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine,** removal is presumptively mandatory. Removal and

Plea Agreement Page 5

other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including her attorney or the district court, can predict to a certainty the effect of her conviction on her immigration status. The defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea of guilty may entail.

13. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with her lawyer and is fully satisfied with that lawyer's legal representation. The defendant received from her lawyer explanations satisfactory to her concerning each paragraph of this plea agreement, each of her rights affected by this agreement, and the alternatives available to her other than entering into this agreement. Because she concedes that she is guilty, and after conferring with her lawyer, the defendant has concluded that it is in her best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

14. **Forfeiture Agreement:** The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the information (and in any bills of particulars) or seized or restrained by law enforcement officers during the investigation related to this criminal cause:

The defendant agrees that these items are subject to forfeiture under 21 U.S.C. § 853(a). The defendant consents to entry of any orders or declarations of forfeiture regarding all such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal

Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

15. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this the 27th day of March, 2017.

JOHN R. PARKER
UNITED STATES ATTORNEY

George Leal
Assistant U.S. Attorney
Texas Bar No. 00794150
1100 Commerce St., Suite 300
Dallas, Texas 75242

Rick Calvert
Deputy Criminal Chief
Texas State Bar No. 03669700

MARIA GALLEGOS SALAS
A.K.A. MARIA GALLEGOS SANCHEZ
Defendant

March 14, 2017
Date

ROSE ROMERO
Attorney for Defendant
TX State Bar No. 17224700

March 17, 2017
Date

Plea Agreement Page 7

## CERTIFICATION

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

*MARIA GALLEGOS*     *March 14, 2017*
MARIA GALLEGOS SALAS     Date
A.K.A. MARIA GALLEGOS SANCHEZ
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

*[signature]*     *March 21, 2017*
ROSE ROMERO     Date
Attorney for Defendant
State Bar No. 17224700

Plea Agreement Page 8